[By the court of common pleas of Franklin county, Pennsylvania, Rowe, P. J.]

---

SHUCK (UNITED STATES v.). See Case No. 16,285.

---

## Case No. 12,821.

### In re SHUEY.

[9 N. B. R. 526; [1] 6 Chi. Leg. News, 248.]

District Court, D. Minnesota. April, 1874.

BANKRUPTCY—PROPERTY IN HANDS OF SHERIFF—ASSIGNEE.

The United States district court has no authority to order property to be taken out of the hands of the sheriff who holds the same by virtue of an execution issued upon a judgment obtained in a state court, and the lien under the execution is prima facie valid. Therefore, until the writ is set aside on account of fraud, or for the reason that it is in violation of the bankrupt law, the assignee has no right to immediate possession of any of the property seized before the judgment is satisfied.

A creditor of the bankrupt obtained a judgment against him in the state district court before bankruptcy proceedings were commenced, and the sheriff has made a levy, by virtue of an execution, upon sufficient property to satisfy it. A temporary injunction was granted by the court, enjoining the sheriff from selling under the execution, upon the petition of an unsecured creditor, who asks that the sheriff be ordered to deliver the property in his possession to the assignee in bankruptcy when chosen. A motion is now made by [W. H. Shuey] the judgment creditor to dissolve the injunction, and upon a full argument and due consideration the following is the opinion of the court.

E. C. Palmer, for motion.
Geo. L. Otis and Harvey Officer, contra.

NELSON, District Judge. I have no authority to order the property to be taken out of the hands of the sheriff. The lien under the execution is prima facie valid. The writ was rightfully issued, and until set aside on account of fraud, or for the reason that it is in violation of the bankrupt law [of 1867 (14 Stat. 517)], the assignee in bankruptcy has no right to immediate possession of any of the property seized, before the judgment is satisfied. The creditor upon whose petition the injunction was granted, charges that the judgment, upon which the execution issued, was obtained through the procurement of the bankrupt, who desired to prefer the judgment creditor. If, when properly presented, such allegation should be sustained by the court, the lien would be declared null and void; until that occurs, however, I can not destroy it. The creditors, at their first meeting, this day, have authorized the assignee to contest the validity of the judgment lien, and for that purpose to file a bill in equity immediately. I shall therefore continue the injunction for the present, unless the judgment creditor will consent that, on the sale of the property, the proceeds may be deposited in this court by the sheriff, less the amount of his fees, to remain subject to the lien of the judgment creditor, and to be paid over to him if in the suit to be commenced by the assignee the court shall determine the claim or lien valid and legal. Should he consent to such an arrangement or disposition of the proceeds of the property seized, the clerk, on filing such a stipulation, will enter an order modifying the injunction so as to permit the sheriff to sell at the time advertised. If the litigation is protracted, an order will be entered that the fund be invested for the benefit of the successful party or parties.